UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATHALIE ARCOZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1686** |
| **USAA CASUALTY INSURANCE COMPANY, ET AL.** | **SECTION: D (3)** |

### ORDER and REASONS

Before the Court is the United States' Motion to Dismiss for Lack of Subject-Matter Jurisdiction.[1] The Government seeks the dismissal under Fed. R. Civ. P. 12(b)(1) of Nathalie Arcoz's claims brought against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, asserting that Arcoz has failed to exhaust her administrative remedies by failing to file an administrative claim with the appropriate agency prior to filing this lawsuit, as required by 28 U.S.C. § 2675(a).[2]

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The instant Motion had a submission date of August 6, 2024.[3] As of the date of this Order, no memorandum in opposition has been submitted.

Accordingly, because the Motion to Dismiss is unopposed and, more importantly, because the Motion has merit,[4] **IT IS HEREBY ORDERED** that the

---

[1] R. Doc. 6.
[2] *Id.* & R. Doc. 6-1 at pp. 1-2 & 3.
[3] R. Doc. 6.
[4] According to the Motion, the original defendant, Jerry L. Aymond, Jr., was acting in the course and scope of his employment with the United States Marines Corps at the time of the underlying car accident, and the United States Marine Corps is a branch of the United States Department of Navy. *Id.* at p. 1 & n.1. The Government has provided the sworn declaration of Stephanie M. Corbin, the Head of the Tort Claims Branch in the Office of the Judge Advocate General, Department of the Navy,

United States' Motion to Dismiss for Lack of Subject-Matter Jurisdiction [5] is **GRANTED**, and this matter is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

New Orleans, Louisiana, August 6, 2024.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

who is responsible for the supervision and monitoring of the practices and procedures relative to all administrative claims presented to the Department of the Navy arising under the Federal Tort Claims Act, and for the supervision and monitoring, on behalf of the Department of the Navy, of all litigation in federal courts generated by such claims. R. Doc. 6-1 at p. 1. According to the declaration, Corbin searched the records of the Office of the Judge Advocate General of the Navy and the Tort Claims Unit, and has determined that Arcoz has not filed an administrative claim with or against the Department of the Navy based on the subject matter of this action. *Id*. at pp. 1-2. Arcoz did not respond to the Motion, and has not otherwise contested the statements in the Government's Motion or Corbin's declaration. Further, Arcoz did not allege in her state court Petition for Damages that she filed an administrative claim prior to filing this suit. *See, generally*, R. Doc. 1-1 at pp. 4-9. As the Government correctly points out, "The Federal Tort Claims Act permits certain claims to be asserted against the United States, as sovereign, and its agents but exacts the filing of an administrative claim for relief as a jurisdictional prerequisite to suit." *U.S. v. Burzynski Cancer Research Institute*, 819 F.2d 1301, 1306 (5th Cir. 1987). According to the Fifth Circuit, "Because the requirement of administrative review is a jurisdictional requisite," it is not appropriate to stay the suit until a claim could be filed, once the issue is raised. *Id*. at 1306-07. The Court further determines that it may consider the complaint supplemented by undisputed facts evidenced in the record in ruling on this motion. *Tsolmon v. United States*, 841 F.3d 378 (5th Cir. 2016).
[5] R. Doc. 6.